366 S.E.2d 755

**Henry CHRISTIE, in his capacity as President of Concerned Citizens for Health Care, an unincorporated association and as a resident and citizen of Randolph County, West Virginia; et al.**

**v.**

**ELKINS AREA MEDICAL CENTER, INC., a non-profit hospital corporation doing business in Randolph County West Virginia; Ralph Shepler, in his capacity as a member of the Board of Directors of the Elkins Area Medical Center, Inc.; et al.**

No. 17920.

Supreme Court of Appeals of West Virginia.

March 2, 1988.

Michael C. Farber, Sutton, for Henry Christie.

Joseph Wallace, Elkins, for Elkins Area Medical Center, Inc.

Nora Antlake, Charleston, for W.Va. Dept. of Health.

McGRAW, Justice.

This is an appeal from a final order entered by the Circuit Court of Randolph County finding that the Elkins Area Medical Center, Inc., is in compliance with the statutory requirements for citizen participation on hospital boards. W.Va.Code § 16–5B–6 (1985 Replacement Vol.). We are not convinced that the circuit court had before it adequate proof of such compliance and so reverse its order and remand the case for the taking of additional evidence.

The individual Appellees are or were the members of the Board of Directors of Elkins Area Medical Center, Inc. (EAMC), the institutional Appellee.[1] EAMC was incorporated on August 20, 1985 "to own, maintain and operate hospitals," among other purposes. Originally, EAMC was to be the corporate body into which the Memorial General Hospital and Davis Memorial Hospital were to merge. Memorial General has since filed for protection under the bankruptcy laws, and EAMC is essentially inactive at this time. The Appellants are members of an unincorporated association interested in the delivery of hospital services for the residents of the Elkins area, and particularly concerned by the closing of Memorial General Hospital.

The Appellees argue primarily that EAMC is not required to comply with the board composition statute, since it is not currently operating a hospital. To accept the Appellees' argument would greatly weaken the impact of the statute, which is intended to promote "widespread citizen participation in hospital decision making." W.Va.Code § 16–5B–6a(a). Some of the most crucial decisions regarding the delivery of hospital services are made before the hospital doors are open to the public. It is the intent of West Virginia Code § 16–5B–6a to insure that consumers representative of their communities actively participate in all the major decisions regarding hospital management and the delivery of hospital services. The decision of EAMC not to follow through with the proposed merger of Memorial General and Davis Memorial is an example of the type of decision in which the statute intended for consumers to participate. We hold that a corporation which has as a major purpose the ownership or operation of a hospital must comply with the board composition statute, without regard to whether the hospital is currently providing services.

The Appellees also argue that, because the board composition statute faced a constitutional challenge for two years following its passage, no compliance with the statute was required during that time. This argument is without merit. "The mere commencement of a suit to determine the constitutionality of an enactment will not prevent the law from going into effect ... otherwise, the operation of laws might be indefinitely postponed." 73 Am.Jr. 2d *Statutes* § 360 (1974); *see State ex rel. Richards v. Whisman*, 36 S.D. 260, 154 N.W. 707 (1915).

---

1. The West Virginia Department of Health was originally named as a respondent in the Appellant's petition for injunctive relief before the circuit court. Because the Appellants have made no showing why the Health Department could properly be included as a defendant in this particular action with venue in Randolph County, we will allow the circuit court's dismissal of the Health Department to stand.

250

■ The circuit court properly ordered the Appellees to comply with Code § 16–5B–6a, but improperly accepted as proof of such compliance a telephone statement from counsel for the Department of Health and an unverified Response filed by counsel for the Appellees. That Response listed seven persons as consumer representatives, and stated that special consideration had been given "to those categories mandated by the Act."[2] Attached to the Response were copies of biographical sketches of board members apparently utilized by EAMC for public relations purposes.[3] We do not believe that this information was sufficient or reliable enough to allow the court below to make a determination that the statute had been complied with.

■ The statute provides for suit to enforce the board composition requirements to be filed by either the Director of the Health Department or by "any citizen of the county wherein any offending hospital is located." W.Va.Code § 16–5B–6a(d). Although the Health Department's regulations apparently provide a mechanism for citizen's complaints to be heard, see W.Va. C.S.R. § 64–12–7.2.6.b. (1987), the right of a citizen to sue in the courts is clearly established by the statute. Further, the statute and regulations are straightforward, and do not hinge on the exercise of agency discretion or expertise for uniform application. Thus, there is no reason to defer to the agency on the basis of primary jurisdiction. See State ex rel. Arnold v. Egnor, 166 W.Va. 411, 275 S.E.2d 15 (1981); A. Neely, Administrative Law in West Virginia (1982 and Supp.1983).

■ When citizens challenge compliance with a statute by means of a properly authorized suit, the court must conduct an inquiry at least searching and as rigorous as that which would be conducted in response to a complaint filed with the administrative agency with concurrent jurisdiction. The Department of Health requires that consumer representatives complete notarized affidavits as to their status. W.Va. C.S.R § 64–12–7.2.6.a. When the consumer representation on a hospital's board is the subject of a complaint, each representative is required to provide specified documentary proof of his or her status. Id. at 7.2.6.b. In addition, each hospital is required to maintain a file detailing a procedure and documenting that women, racial minorities, and the handicapped were given special consideration in selecting the consumer representatives. Id. at 7.2.7. The circuit court should require production of all of this information and such other evidence as may be necessary to prove that the Appellees are in compliance with the statute. The Appellants should be given the opportunity to challenge the accuracy of the evidence produced or otherwise prove noncompliance with the statute as implemented through the regulations.

Reversed and Remanded.

---

**2.** The statute requires that at least forty per cent of the board members be consumers, in equal proportion from four named categories and that, in selecting consumer board members, special consideration be given to women, racial minorities, and handicapped persons. W.Va. Code § 16–5B–6a(c).

**3.** These biographical sketches do not inspire confidence in the Appellees' assertion that women, minorities, and the handicapped were given special consideration. The second item on the form asks for a listing of the board member's "wife and children." No information is requested regarding minority or handicapped status.